```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


POPULAR LEASING USA, INC.,      )
                                )
            Plaintiff,          )
                                )
       vs.                      )     No. 4:05-CV-248 (CEJ)
                                )
TURNER CONSTRUCTION COMPANY,    )
                                )
            Defendant.          )
```

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to strike defendant's jury demand, and to enforce a jury waiver provision contained in a contract signed by the defendant. Defendant has objected, and the issues are fully briefed.

## Background

In 2003, defendant Turner Construction Company entered into an equipment rental agreement (ERA) with NorVergence. NorVergence, now in bankruptcy and the subject of numerous state investigations, purported to offer substantial telecommunications savings to its customers. The methods by which these savings would be achieved included the rental of a piece of equipment dubbed "the Matrix." The Matrix supposedly contained proprietary software that would enable the customer to save up to 32% off its telecommunications costs. However, defendant and others who had entered into agreements with NorVergence claim that NorVergence never provided any telecommunications services after the ERAs were signed. Defendant claims that the Matrix was an essentially worthless piece of equipment that was never even installed on their network.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

The ERA was signed by an officer of NorVergence and a Vice President and General Manager of Turner Construction. The two-page document set out the terms for the rental of the Matrix at a monthly cost of $4,360 for a duration of 60 months.

At some point, NorVergence assigned the ERA to Popular Leasing[1]. Defendant contends that this assignment was an integral part of a fraudulent scheme practiced by NorVergence, who would assign ERAs to third-party finance companies in order to realize quick profits from contracts which they could not fulfill. According to the defendant, certain provisions in the ERAs were essential in making the agreements more readily assignable to third parties. These provisions included a forum selection clause providing that an action relating to the rental could be brought where an unknown assignee was located, a "hell or high water" clause, and (as defendant claims) the jury waiver clause here at issue.

Defendant defaulted on the rental agreement, and plaintiff brought suit in state court. Defendant removed the action, answered the complaint and counterclaimed for breach of contract, fraudulent inducement, civil conspiracy, and fraud. In doing so, defendant demanded a jury trial. Plaintiff now seeks to enforce a provision of the ERA stating that the renter agrees "to waive right

---

[1] Defendant places some emphasis on the fact that the assignment of the ERA to Popular Leasing was contemplated well before Turner Construction signed the ERA with NorVergence; however, the timing of the assignment is not relevant here.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to a trial by jury in any lawsuit in any way relating to this rental." (Pl.'s. Mot. to Strike Exh. B.)

## Discussion

A party may waive its Seventh Amendment right to a jury trial by contract. Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 373 F.2d 136, 142 (8th Cir. 1967). However, a party's waiver must be knowing and voluntary. Morris v. McFarland Clinic, P.C., No. 4:03-cv-30439, 2004 U.S. Dist. LEXIS 26639 (S.D. Iowa Jan. 29, 2004). The determination of whether a waiver was knowing and voluntary is largely fact-driven. Courts have considered factors such as the inconspicuous fine print of the waiver, gross disparity in bargaining power between the parties, the sophistication of the parties, and whether the contract was standard or negotiated. Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835 (10th Cir. 1988) (citing cases considering fine print and bargaining power, and upholding waiver based on the sophistication of the parties and the normal print size of the waiver); Cooperative Finance Ass'n, Inc., v. Garst, 871 F. Supp. 1168 (N.D. Iowa 1995) (citing cases considering the parties' ability to negotiate terms, the opportunity to review the terms, and whether parties were represented by counsel).

Although there is no controlling Eighth Circuit precedent, the district courts of this circuit are in agreement that the burden of demonstrating that a jury waiver was knowing and voluntary rests with the party seeking the enforcement of the waiver. See Morris, 2004 U.S. Dist. LEXIS 26639; Cooperative Finance Ass'n, Inc. v.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Garst, 871 F. Supp. 1168 (N.D. Iowa 1995); Popular Leasing USA, Inc., v. National Restoration Systems, Inc., No. 4:04-cv-01629 (E.D. Mo. Aug. 23, 2005); Popular Leasing USA, Inc., v. Austin Automotive Warehouse Corp., No. 4:04-cv-1619, (E.D. Mo. July 27, 2005).

Plaintiff argues that based on the factors listed above, no matter where the burden is placed it would be impossible to demonstrate that defendant did not knowingly and intelligently waive its right to a jury. Defendant is a large corporation, presumably with legal resources at its disposal, and bargaining power that was relatively equal to that of NorVergence. In the two-page ERA, the jury waiver clause is located at the end of a paragraph entitled "APPLICABLE LAW" and immediately before a single-line space, and is in the same size as the type surrounding it. The signature of the defendant's officer clearly indicates acceptance of the terms in the ERA.

Defendant relies on the fact that it does not regularly conduct business relating to the procurement or leasing of telecommunications equipment and services. However, specialized knowledge or sophistication is not required to understand the jury waiver provision, which is the only provision currently relevant. Nor does defendant's contention avail that an absence of extended negotiations indicates an inherent unfairness in the form contract.[2] Defendant does not describe any circumstances wherein

---

[2] Defendant argues that absence of an opportunity to negotiate can be inferred from the fact that Turner Construction

-4-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

its officer was rushed or otherwise pressured into signing the contract to deprive him of an opportunity to read it thoroughly. Under Missouri law, a party who signs a contract is presumed to have knowledge of its contents. Dorsch v. Family Medicine, Inc., 159 S.W. 3d 424, 436 (Mo. App. 2005).

Defendant's main argument is that the allegedly fraudulent behavior of NorVergence and the grossly unfair provisions in the contract taint the entire agreement, including the jury waiver clause. A similar claim was made in the case of Telum, Inc. v. E.F. Hutton Credit Corp., 859 F.2d 835 (10th Cir. 1988). There, a lessee brought an action to rescind a lease based on allegations of breach of contract and fraud. On appeal, the court held that it was error for the district court to have not "enforce[d] the jury waiver provision of the contract without proof that the waiver provision was itself fraudulently induced." Id. at 837. Additionally, the court found fault with the trial judge's conclusion that "Telum's allegations of fraud in the inducement relating to the contract as a whole were sufficient to vitiate the provision." Id.

Courts of the Eighth Circuit and this district have followed this precedent. See Popular Leasing v. National Restoration

---

made no changes to the form contract. Aside from the fact that a negotiated contract is only a single factor in a court's determination, this cannot be the basis for finding that the right to a jury trial was not knowingly and intelligently waived. Rather, the circumstances described by the defendant simply point to the conclusion that the parties *did* not negotiate, rather than that they lacked the opportunity to do so.

-5-

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Systems, No. 4:04-cv-01629 (E.D. Mo. Aug. 23, 2005); Popular Leasing v. Austin Automotive Warehouse Corp., No. 4:04-cv-1619 (E.D. Mo. July 27, 2005); Morris v. McFarland Clinic, P.C., No. 4:03-cv-30439, 2004 U.S. Dist. LEXIS 26639 (S.D. Iowa Jan. 29, 2004). Therefore, defendant cannot successfully argue that the alleged fraud at the root of its defenses and its counterclaims sufficiently taints the entire ERA so as to justify non-enforcement of the jury waiver clause. Also, defendant has presented no proof that the jury waiver clause itself was the product of fraud. Plaintiff's burden to show knowing and voluntary waiver, by proof of the signed ERA and absence of mitigating circumstances in defendant's favor, has been met.

Accordingly,

**IT IS HEREBY ORDERED THAT** the plaintiff's motion to strike defendant's jury demand is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of October, 2005.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com